[No. H009582. Sixth Dist. Jan. 28, 1993.]

In re SERGIO M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SERGIO M., Defendant and Appellant.

**COUNSEL**

George O. Benton, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald S. Matthias and Richard Rochman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ELIA, J.**—A Welfare and Institutions Code section 602 petition was filed alleging the minor, Sergio M., possessed for sale and offered for sale marijuana. (Health & Saf. Code, §§ 11359, 11360, subd. (a).) At the start of the jurisdictional hearing, the prosecutor asserted the privilege of confidentiality for the location of surveillance. (Evid. Code, §§ 1040-1042.) Officer

Towner took the stand and answered questions from both parties pertaining to the location of the surveillance. The court then conducted an in camera hearing with the prosecutor and Towner, after which the court found that the public interest in not disclosing the surveillance location outweighed the interest of the minor to cross-examine the officer on the location. The privilege was sustained. At the close of the prosecution's case, the court denied the minor's motion for reconsideration of the ruling on the privilege as well as his motion to strike Towner's testimony and to dismiss the petition. At the close of the hearing the court found the petition to be true. The court committed the minor to juvenile hall for 90 days with 30 days stayed pending successful completion of probation, and ordered 100 hours of public service work, delay of the minor's driving privilege for 1 year, and various fines and penalty assessments.

The sole issue minor raises on appeal relates to Towner's testimony. The minor argues the failure to strike that testimony after specifically finding the testimony material on the issue of guilt was reversible error pursuant to Evidence Code section 1040. For the reasons stated below, we disagree and therefore affirm.

FACTS

*Prosecution Evidence*

On the afternoon of January 29, 1992, Towner was observing activities at Needles Drive and Welch Avenue in San Jose. It was a clear and sunny day. Towner initially intended to observe the entire block of Welch but, when he arrived, the only people in the area were standing outside 1780 Welch Avenue so he concentrated his observations there. Between five and eight young males were standing around two vehicles parked in the driveway. Towner used 35-power binoculars and observed a Chevrolet Blazer on the roadway within 100 yards of him. The minor, who was then wearing a charcoal sweater and black pants, approached the Blazer when it pulled over. Towner had a clear view of the minor, and there was nobody else in the general vicinity dressed like him. A passenger from the back seat of the Blazer exited the vehicle and began to talk with the minor. The minor then walked back to a brown fence about 10 to 15 yards from the vehicle, leaned over the fence, and took a small paper bag from behind it. (Nothing interfered with the officer's vision of the minor at the fence or at the Blazer.) From the paper bag the minor pulled out a plastic bag and removed a small item from the plastic bag, then replaced the plastic bag in the paper bag and set the paper bag back on the ground in the same spot. The minor then returned to the passenger. The passenger handed the minor what appeared to

be paper currency, which the minor placed in his left rear pants pocket, and the minor handed the passenger the small item. The Blazer then immediately left the scene.

Towner made radio contact with other officers to tell them what he had seen. Officer Lloyd stopped the Blazer within a few minutes. A baggie of marijuana was obtained from the passenger, which Lloyd gave to Towner. When Towner went to the location where he had seen the minor put the paper bag, he found a brown paper bag containing a plastic bag. The plastic bag contained numerous half-gram packages of a green leafy substance. The money recovered from the minor was consistent with him having sold at least one package of marijuana. Based on his training and experience, the officer indicated his observations of the minor were consistent with how marijuana is packaged and sold in the area, and he was of the opinion that the minor possessed marijuana for sale. Towner arrested the minor within 10 to 15 minutes after the marijuana transaction occurred.

*Defense Evidence*

Walter Dahl, a private investigator, went to 1780 Welch Avenue to investigate the surveillance. He took measurements from the center of the lot going both north and south. One could go 100 yards in a southerly direction, but only about 50 to 75 yards in a northerly direction from that spot. During his measurements he ran into some obstructions that would prevent him from seeing directly to that spot, such as shrubbery, trees, and fence lines. If one was standing to the southeast, one could not even see the location or anybody standing in front of it.

Alicia A., a minor who lives at 1780 Welch Avenue, testified she was with the minor when he was arrested on January 29, 1992. During the one and one-half hours she was with the minor, she did not see him go up to a Chevrolet Blazer in front of that address. Nor did she see him reach behind a fence and take anything, or see him accept money from anyone. The minor was wearing black Levis and a white sweater. There were about eight or nine other young males in the area, and at least one of them was wearing a gray sweatshirt and dark pants. Only one car, a brown Regal or Monte Carlo, came up to them while she was there. Although she had seen people buy and sell marijuana on Welch Avenue in bags like the one taken that day, she did not see anything like the bag on the day the minor was arrested.

Monique J., who lives with Alicia, was also with the minor on the day he was arrested. The minor was wearing a black sweater that day. They talked while leaning against a car in front of a mailbox in front of the building. She

did not see the minor take any money from anyone or sell anything to anyone. Nor did she see him approach a Chevrolet Blazer, nor hold small bags with green leafy substances in them, nor go to a fence and take out any items from behind the fence. She has seen marijuana packaged like the bag taken that day on Welch Avenue. Eight or nine cars drove by and stopped while she was outside with the minor.

The parties stipulated that the minor's mother gave the minor about $60 the day before his arrest.

## DISCUSSION

Evidence Code section 1040 provides a privilege for "information acquired in confidence by a public employee in the course of his or her duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made." (Subd. (a).) A public entity has a privilege to refuse to disclose this official information if "[d]isclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice . . . ." (Subd. (b)(2).) ■ The surveillance location is information to which this privilege can apply. (*Hines* v. *Superior Court* (1988) 203 Cal.App.3d 1231, 1234 [251 Cal.Rptr. 28]; *People* v. *Montgomery* (1988) 205 Cal.App.3d 1011, 1018-1019 [252 Cal.Rptr. 779].)

The trial court held an in camera hearing and the minor was provided an opportunity to pose questions to be asked at this hearing. (See *People* v. *Montgomery, supra,* 205 Cal.App.3d at p. 1021; *People* v. *Walker* (1991) 230 Cal.App.3d 230, 236 [282 Cal.Rptr. 12].) At the conclusion of the in camera hearing, the minor's investigator was permitted to testify as to obstructions he observed within 100 yards of the minor's location. The court then found that there is a public interest in not disclosing the surveillance location, that to do so "would put persons in danger, would decrease the effectiveness of law enforcement in the future, would result in property being put in danger." He further found that "it is absolutely essential for this minor to have a cross-examination of this officer by finding out where he saw these observations." However, the court concluded: "under the circumstances of this case, the right of the public to the protection of its surveillance locations under the circumstances which have been set forth by the officer in the in camera chambers [*sic*] outweighs the interest of the minor in this case to cross-examine the officers with respect to the exact location."

The minor does not request review of the court's conclusion. ■ Instead, the minor argues that an adverse finding is mandated by Evidence

Code section 1042, subdivision (a), and the trial court's failure to strike Towner's testimony was reversible error.

Evidence Code section 1042, subdivision (a) provides: "Except where disclosure is forbidden by an act of the Congress of the United States, if a claim of privilege under this article by the state or a public entity in this state is sustained in a criminal proceeding, the presiding officer shall make such order or finding of fact adverse to the public entity bringing the proceeding as is required by law upon any issue in the proceeding to which the privileged information is material." Thus, an adverse finding is only required if the privileged information is *material*. (*Hines* v. *Superior Court, supra,* 203 Cal.App.3d at p. 1234; *People* v. *Walker, supra,* 230 Cal.App.3d at p. 236.) In the instant case, the People argue that the surveillance location was not "material" as it did not tend to exonerate the minor.

"In discussing the concept of materiality requiring disclosure of informant's identity, the California Supreme Court held: 'The defendant's "burden extends only to showing that 'in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' [Citation.] 'That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration.' . . ." [Citation.]' [Citation.] . . . [T]he informant's identity and surveillance location issues are analogous; therefore, . . . this is the appropriate standard for determining the materiality of a surveillance location. In this case, [the minor] had the burden of showing that in view of the evidence, there was a reasonable possibility that the location could constitute material evidence on the issue of guilt which would result in his exoneration." (*People* v. *Walker, supra,* 230 Cal.App.3d at pp. 237-238.)

On the record in this case, we fail to see how the disclosure of Towner's exact location would result in the minor's exoneration. Towner testified he was within 100 yards of the minor, and was using 35-power binoculars. He had an unobstructed view of the minor both while at the fence and while at the Blazer. It was clear and sunny that afternoon. Nobody else in the vicinity was dressed like the minor. Towner was able to see the minor pull a small item from within a plastic bag that had been within a paper bag behind a fence. The minor gave the small item to the Blazer passenger and received currency in exchange, which he placed in his pocket. The Blazer passenger was found to have a baggie of marijuana shortly thereafter. A brown bag containing a plastic bag of marijuana was found at the location Towner saw the minor place a bag. And, finally, the money found on the minor was

consistent with his having sold at least one package of marijuana. Although the court stated there was not any question that there were locations within 100 yards from which Towner could not have observed the minor due to an obstruction, the court also found at least 2 locations where one could have seen what Towner said he saw. On this record, along with the record of the in camera hearing, we find no basis to conclude that the exact location of the officer would have been material on the issue of the minor's guilt. The court did not err when it did not make an adverse finding pursuant to Evidence Code section 1042, subdivision (a).

The order is affirmed.

Cottle, Acting P. J., and Bamattre-Manoukian, J., concurred.

A petition for a rehearing was denied February 22, 1993, and appellant's petition for review by the Supreme Court was denied April 21, 1993.